MAVIS CLAY, Ex'r of the Estate of Arthur Nathaniel Clay, Deceased, Petitioner-Appellant, v. JOAN AGNES WOODS *et al.*, Respondents-Appellees.
First District (3rd Division)   No. 84—1742

Opinion filed December 30, 1985.

Zedrick T. Braden, Jr., of Chicago, for appellant.

No brief filed for appellees.

JUSTICE WHITE delivered the opinion of the court:

Petitioner, Mavis Clay, as executor of the estate of Arthur Nathaniel Clay, her deceased husband, appeals from an order of the circuit court of Cook County denying her petition for a citation to discover and recover assets from the above-named respondents. She contends that funds on deposit in Totten trusts in the Continental Illinois National Bank and Trust Company (hereafter Continental) and Bell Federal Savings and Loan Association (hereafter Bell) should be treated as property of the estate for the purpose of determining her statutory surviving spouse's share, and that her petition for recovery of the Totten trust accounts should include all information on the accounts to which the Totten funds were transferred. Respondents have not filed a brief in this court, and, accordingly, we consider resolution of this appeal pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

On October 20, 1983, Arthur Nathaniel Clay died leaving a will which devised as follows:

(1) to his daughter, Joan Agnes Woods, all funds on deposit in Continental;

(2) to his grandson, Nicholas Clay Woods, all funds on deposit at Bell;

(3) to his grandchildren, Wendy Woods, Jennifer Woods, Arthur Nathaniel Butler and Molly Carroll certain designated stocks and sums of money totalling $1,500.

(4) to petitioner and named executor, a parcel of real estate located at 1412 S. Komensky, Chicago, Illinois, and all of his residuary estate, including an account in his name at Home Federal Savings and Loan Association (hereafter Home Federal).

Pursuant to the provisions of the will, letters of office as executor for the estate were issued to petitioner on February 10, 1984. However, on July 2, 1984, petitioner filed her renunciation of any and all claims under the will.

Thereafter, petitioner filed a petition to discover and recover assets from respondents, Continental, Bell and other named persons. She alleged therein that the respondents have in their possession or control books of account belonging to the deceased which they wrongfully refused to deliver to her as executor, and have converted or embezzled personal property and cash accounts from Continental and Bell which on their face appear to belong to others as beneficiaries under trust arrangements. Petitioner asked that the respondents deliver to her all books of account and cash deposits belonging to the estate from Bell and Continental.

At the hearing on her petition, the petitioner testified that she had worked continuously after the first six months of her 27-year marriage to the deceased; that the deceased had received a monthly pension; that the deceased had handled all their finances, including the money she earned from her employment; and that at the time of his death there was $38,713.10 in a Continental account held in the name of the deceased as trustee for Joan Woods, a daughter of the deceased, and the additional sum of $8,925.53 in a Bell checking account held also in the name of the deceased as trustee for Joan Woods. Petitioner admitted there was a Home Federal account in the name of the deceased as trustee for her.

A representative of Continental testified that an account was opened in November 1971 naming the deceased as trustee for Joan Woods, the beneficiary, and that she had withdrawn all but $20 of the funds from that account on October 27, 1983, and transferred the money into a checking account in her own name. When counsel

for the petitioner attempted to elicit information pertaining to that account, the trial court refused to direct that Continental produce its records related thereto. A representative of Bell testified that the Bell account was opened on December 23, 1980, in the name of the deceased as trustee for Joan Woods, beneficiary to all of the funds, and this account was still in existence.

At the conclusion of the evidentiary hearing the court found that the deceased had placed his own funds in the disputed accounts. The court further commented that none of the account assets belonged to the estate.

On appeal, the petitioner contends that the Totten trust accounts should be treated as property of the deceased for the purpose of determining her statutory share in the estate as a surviving spouse, and that the trial court should be directed to permit full discovery of all details pertaining to the account into which Joan Woods transferred the Totten funds. In support of this contention she cites *Montgomery v. Michaels* (1973), 54 Ill. 2d 532, 301 N.E.2d 465, wherein the supreme court held that where the deceased retains absolute control of a trust account during his lifetime, such funds may not defeat a surviving spouse's statutory share of the deceased's estate and may be included in the estate for the purpose of determining the surviving spouse's share of one-third of the net estate remaining after payment of all just claims. Petitioner's reliance on the above case is misplaced.

*In re Totten* (1904), 179 N.Y. 112, 71 N.E. 748, held that a deposit by one person of his own money, in his own name as trustee for another is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the passbook or notice to the beneficiary. (See *In re Estate of Capocy* (1981), 102 Ill. App. 3d 609, 611, 430 N.E.2d 1131.) In *Montgomery v. Michaels* (1973), 54 Ill. 2d 532, 301 N.E.2d 465, the deceased during her lifetime created and retained control over several savings accounts in which she was the trustee for the benefit of her two children by a prior marriage. Subsequently she died intestate leaving a surviving spouse for whom no provision was made. The supreme court there held that Totten trusts were ineffective to defeat a surviving spouse's statutory share in the estate of the deceased.

However, in 1977 the legislature enacted a statute which provides:

> "An otherwise valid transfer of property, in trust or otherwise, by a decedent during his or her lifetime, shall not, in the absence of an intent to defraud, be invalid, in whole or in part,

on the ground that it is illusory because the decedent retained any power or right with respect to the property."

"This Act takes effect upon becoming a law and applies to savings account trusts established on or after its effective date, and as to all other transfers this Act is declaratory of existing law." (Ill. Rev. Stat. 1977, ch. 110½, pars. 601, 602.) It would appear that the effect of the above legislation was to overturn the decision in *Montgomery* unless there was evidence presented showing the existence of an intent to defraud the surviving spouse.

In the instant case the evidence shows that the above-mentioned trust savings accounts had been in existence for a number of years prior to the deceased's death and that the deceased informed his daughter and the petitioner that such accounts were in existence. Further, the evidence shows that the deceased provided for petitioner by means of another trust savings account, the amount of which was not brought out in the proceedings, and by his provisions in his will devising the marital residence and his residuary estate to her. It is noted that at the proceedings before the trial court the value of none of these assets was given. Additionally, there is no indicia of intent to defraud the petitioner. We therefore hold that the decision of the trial court is not against the manifest weight of the evidence. See *In re Estate of Weisberg* (1978), 62 Ill. App. 3d 578, 588, 378 N.E.2d 1152.

For the aforementioned reasons, the judgment of the circuit court of Cook County is therefore affirmed. The petition for rehearing is denied.

Affirmed.

McGILLICUDDY and RIZZI, JJ., concur.